IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD R. HOWARD, #1397355 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv250 |
| DAVID LANGSTON, ET AL | § | |

MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Donald R. Howard, proceeding *pro se* and *in forma pauperis*, a prisoner confined in the Texas prison system, filed this civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c). On August 22, 2012, the Court entered a Memorandum Opinion and Order of Dismissal with Final Judgment dismissing Plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff has filed a Motion for Reconsideration (docket entry #25), though he has not stated the specific grounds on which he seeks "reconsideration" of the judgment.

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments

that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1 2009).[1] The alternative, Federal Rule of Civil Procedure 60(b)(6) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [. . .] (6) any other reason that justifies relief." *Id*.

Here, Plaintiff filed his motion for reconsideration within 28 days of entry of the order of which he complains and the Court will construe it as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e).

---

[1] Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days. Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this. *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

The Court first notes that Plaintiff has filed a Notice of Appeal as to the Memorandum Opinion and Order of Dismissal (docket entry #20) and Final Judgment (docket entry #21) in this case; he did so on the same day he filed his motion for reconsideration. *See* docket entries #25 and 26. "[A] perfected appeal divests the district court of jurisdiction." *Shepherd*, 372 F.3d at 329 (quoting *Winchester v. United States Attorney for S. Dist. of Texas*, 68 F.3d 947, 950 (5th Cir.1995)). Once a notice of appeal has been filed, the district court may consider or deny a motion for reconsideration, but "it no longer has jurisdiction to *grant* such a motion while the appeal is pending." *Id*. (discussing Rule 60(b)(6) motion; emphasis in original). If the district court is inclined to grant the motion, it is necessary to obtain leave from the Court of Appeals. *Id*. Such leave is not necessary in this case, as the Court will deny Plaintiff's motion for reconsideration, construed as a Rule 59(e) motion.

Plaintiff's complaint named 25 Defendants, all of whom he alleged participated in a state-wide conspiracy within the Texas Department of Criminal Justice (TDCJ) to kill him by infecting him with HIV and related medical processes, all under the coordination and direction of the Ku Klux Klan (KKK), allegations he repeats in the instant motion. *See* Motion at 2.

He now attacks the Court's dismissal of his complaint on the basis that, first, he was subjected to deliberate indifference as to his serious medical needs (Motion at 2-4); second, that the Court did not address the alleged action by Nurse Practitioner V. Schafer, who Plaintiff asserts participated in the conspiracy against him by prescribing blood pressure medication on the order of the KKK in an attempt to induce a heart attack (Motion at 5); and third, that in some way he did not run afoul of the statute of limitations as applicable to actions under 42 U.S.C. § 1983. The Court will address these points in order.

3

First, Plaintiff has not alleged a claim of deliberate indifference to his serious medical needs. His complaint is clear: he alleged a conspiracy to murder him, coordinated and directed by the KKK and put into place through the coordinated efforts of 25 individuals (including correctional officers, assistant wardens, administrative/grievance office personnel and medical providers) working within the TDCJ system. *See* Complaint at PageID #7:

> This is [a 42 U.S.C. §] 1983 wrongful death civil suit being instituted by the Plaintiff. Because he has been intentionally infected with the AIDS virus by the Dentist David Langston for the Ku Klux Klan officer and officials working under the color of the Texas Department of Criminal Justice. The conspiracy to kill the Plaintiff useing [*sic*] the AID [*sic*] virus and Hepatitis infection came about after the Plaintiff got into fights with 3 KKK officers . . . .

(Statement of Claim). Similar language is strewn throughout the remainder of Plaintiff's complaint. The relief he seeks includes "compensatory damages and punitive damages for this *murder* pain & suffering[.]" *Id*. (emphasis added). Even his instant motion for reconsideration opens with the statement:

> As set forth in his original [section] 1983 complaint filed April 4, 2012, state that there is a unit to unit state wide conspiracy to kill him by TDCJ supervisory officials (wardens, Directors and Majors) who are members of the Ku Klux Klan working under the color of TDCJ-ID. [. . .] From the on-set of that complaint TDCJ-ID and UTMB has secretly tried to kill him useing [*sic*] the medical procedure.

Motion at 2 ("Fast [*sic*] of Case"). There is no allegation in the complaint of any deliberate indifference to Plaintiff's serious medical needs; instead, it is filled with language of a deliberate attempt to kill him organized as a sweepingly broad conspiracy that envelops TDCJ and UTMB personnel from the level of Director down to individual correctional officers and medical personnel at the administrative level and actual physicians and nurses on the unit level. There are few cases contrasting an intention to murder with "deliberate indifference." However, the United States Court

4

of Appeals for the Fifth Circuit has examined the definitional underpinnings of the term "deliberate indifference" and has reasoned:

> The term "deliberate indifference" is not self-defining, but the Supreme Court frequently defines it in relation to negligence and, in cases such as this, medical malpractice. The Court notes deliberate indifference "describes a state of mind more blameworthy than negligence." Eighth Amendment liability for deliberate indifference requires " ' more than ordinary lack of due care for the prisoner's interests or safety' "-i.e., more than medical malpractice. In cases involving medical treatment, a prisoner's complaint that a physician was merely negligent in diagnosing or treating the prisoner fails to state a claim under the Eighth Amendment. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." The facts in this case present "a classic example of a matter for medical judgment." "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice."

*Bias v. Woods*, 288 Fed. Appx. 158, 168 (5th Cir. 2008) (Owen, J., dissenting) (footnotes omitted), *cert. denied*, 555 U.S. 1101, 129 S. Ct. 934, 173 L. Ed. 2d 113 (2009). In another instance, the Fifth Circuit has found that recklessness describes the standard for deliberate indifference, based on the Supreme Court's reasoning in *Farmer v. Brennan*:

> It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.
>
> That does not, however, fully answer the pending question about the level of culpability deliberate indifference entails, for the term recklessness is not self-defining. The civil law generally calls a person reckless who acts or (if the person has a duty to act) fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.

*Sibley v. Lemaire*, 184 F.3d 481, 489 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)), *cert. denied*, 529 U.S. 1019, 120 S. Ct. 1420, 146 L. Ed. 2d 312 (2000). Although the contours of just what constitutes "deliberate indifference" are not rigid, it clearly involves conduct that is reckless or evidences uncaring about a high risk of harm. That is not the case here; Plaintiff has not alleged that any of the Defendants, or all of them, acted

5

with reckless abandon as to his safety. He has alleged several times that they acted in a conspiracy to intentionally kill him. That is not embraced in the standard for deliberate indifference in the Fifth Circuit's jurisprudence.

Therefore, Plaintiff's attempt now to cast these acts as mere "deliberate indifference" to his medical needs in order to obtain reconsideration of the dismissal is unavailing. The Court has addressed the allegations raised in the complaint and found that they cannot sustain the claim of conspiracy Plaintiff makes. The Court has also reviewed the medical records submitted by the TDCJ Regional Grievance Coordinator and released for review by the Plaintiff himself and found that Plaintiff's allegations of having been infected with HIV or the AIDS virus in 2007 or that he was infected with Hepatitis in 2011 are foreclosed by the actual evidence of his testing. Moreover, the medical records also show that Plaintiff has received regular and consistent medical care, to the extent he has not refused it, which would also foreclose a claim of deliberate indifference to his medical needs if such a claim had actually been raised in the complaint. Therefore, this claim is without merit.

Second, Plaintiff asserts that Nurse Practitioner V. Schafer prescribed high blood pressure medication for him in 2010, under the direction of the KKK, with the intent to cause him to have a heart attack. In review of the Court's Memorandum Opinion and Order of Dismissal in this case, the Court recited that there were 25 named Defendants and named them, inadvertently omitting Nurse Practitioner Schafer. *See* docket entry #20 at 1-2. That was a simple oversight in transcribing names from the docket of this case to the Memorandum Opinion and Order. Plaintiff contends that Defendant Schafer is a "cretible [*sic*] defendant" and the "most cretible [*sic*] conspirator of the 25 defendants." Motion at 5. However, the same analysis applies to her as the Court applied to the

other Defendants in this case with regard to the alleged conspiracy. "The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). Mere conclusory allegations of conspiracy, absent reference to material facts, do not state a cause of action under 28 U.S.C. § 1983. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (internal citations and quotations omitted), *vacated on other grounds and remanded*, 117 F.3d 1504 (5th Cir. 1997) (*en banc*), *cert. denied*, 522 U.S. 1058, 118 S. Ct. 716, 139 L. Ed. 2d 656 (1998); *see also Scott v. Curry*, 46 Fed. Appx. 732, 732 (5th Cir. 2002) (unpublished opinion), *Decker v. McDonald*, 2010 WL 1424322, at *23 (E.D. Tex. Jan. 11, 2010). In this case, Plaintiff has simply alleged that Nurse Practitioner Schafer and Dr. Gary Wright "added three (3) more high blood medication for me to take on top of my already procribed [*sic*] medication," and named the medication. Complaint at PageID #11. He further alleged he received notice of the prescription change "in the mail" and that "I knew off the bat when I seen [*sic*] this notice that they though[t] me to be stupid to take these med's and that they were really trying to kill me." *Id*. Therefore, he wrote a grievance and saw Dr. Wright, who was "highly pissed off and took me off all my medication. . . ." *Id*.

Plaintiff has not alleged any conspiracy in this case. To the extent that he claims these actions were taken under the direction of the KKK, the allegations are wholly conclusory. *Marts*, 68 F.3d at 136. He has alleged nothing more than a prescription change by two medical service providers. He believes that the medication change was improper, but has presented nothing to suggest that it was an attempt to murder him by inducing a heart attack other than his own unsubstantiated allegations. Even if the prescription change was incorrect, for whatever reason, it

amounts to nothing more than negligence or medical malpractice, neither of which are even cognizable in a § 1983 lawsuit. *Domino v. TDCJ-ID*, 239 F.3d 752, 756 (5th Cir. 2001). Furthermore, if he did not take the medication, as he asserts, he could not have sustained an injury from it. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lemons v. Swann*, 412 Fed. Appx. 672, 673 (5th Cir. 2011) (per curiam) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). Therefore, he cannot even maintain the additional claim he raised for the first time in his motion, namely, deliberate indifference. This claim is without merit also.

Third and finally, Plaintiff contends that his lawsuit is timely within the statute of limitations applicable to § 1983 claims. In the Memorandum Opinion and Order of Dismissal, the Court observed that certain of Plaintiff's claims going back to 2007, including Dr. Langston's alleged infection of Plaintiff with HIV by pulling a tooth and then packing the area with infected tissue, were outside the statute of limitations and that other alleged conduct by other Defendants would have been within the limitations period. Plaintiff has not explained if he is referring to his entire lawsuit or to just those events that happened within the two years preceding his filing. He correctly states the law determining when the statute of limitations begins to run in a § 1983 case, but then states that he could not have filed his case until he exhausted his administrative remedies. Motion at 8. He argues that the statute was tolled "[w]hile the Plaintiff pursued his administrative remedies from June 3, 2011 to Nov. 22, 2011 . . . ." *Id*. All of that time in 2011 was well within the two-year limitations period, however. Thus, Plaintiff's entire argument, while generally correct on the law, is inapplicable to his case. As the Court observed, events occurring earlier, in 2007, would have been

outside the limitations period.

For the reasons stated herein, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (docket entry #25), construed pursuant to Fed. R. Civ. P. 59(e), is **DENIED**.

So **ORDERED** and **SIGNED** this **20** day of **September, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE