IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD R. HOWARD, #1397355 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv250 |
| DAVID LANGSTON, ET AL | § | |

## MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION TO RECUSE

Came on for consideration, Plaintiff's motion entitled, "Plaintiff's Motion to Recuse the Magistrate Judge as Judge." *See* docket entry #30, at 1. The parties previously consented to the undersigned's jurisdiction over this case in all matters pursuant to 28 U.S.C. § 636(c). *See* docket entry #17. The Court construes Plaintiff's motion as a as a motion to recuse the undersigned Magistrate Judge from this case pursuant to 28 U.S.C. §§ 144 and/or 455.

"[I]f the issue of a judge recusing herself arises either through a motion to recuse under § 455 or an affidavit of prejudice under § 144, the judge has the option to either transfer the matter to another judge for decision or determine it herself." *See Maldonado v. Ashcroft*, 108 Fed. Appx. 221, 222 (5th Cir. 2004) (*per curiam*) (citing *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 n.7 (5th Cir.1996)), *cert. denied*, 545 U.S. 1133, 125 S. Ct. 2946, 162 L. Ed. 2d 875 (2005). In this case, the undersigned Magistrate Judge will decide Plaintiff's motion and will deny it. "[N]o authority 'suggests any negative inference that can be drawn from the fact that the judge to whom a motion to recuse is directed rules on the motion' instead of referring it to another judge." *Doddy*, 101 F.3d

1

at 458 n.7 (quoting *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 963 n.9 (5th Cir.), *cert. denied*, 449 U.S. 888, 101 S. Ct. 244, 66 L. Ed. 2d 114 (1980)).

Plaintiff's motion does not include an affidavit on the issue of bias or prejudice. Therefore, the Court will treat his motion simply as one for recusal under § 455.

The main thrust of Plaintiff's motion is his concern that the undersigned has taken his allegations that prison officials are members of the Ku Klux Klan as "personal." Motion at 1. However, his motion suffers from a dearth of any substantiating fact indicating bias or a conflict of interest. Instead, he merely asserts that the undersigned "has expressed her disliking the Plaintiff's statement[s regarding] the Ku Klux Klan" in the orders issued in this case. Motion at 2. Notwithstanding this unsupported statement, he has not shown that the fact his allegations have been discussed in past orders has in any way expressed bias or prejudice toward him. It is he who has made these allegations of the prison officials' alleged alliance with the Ku Klux Klan and placed such allegiance at issue; the Court cannot ignore the allegations. He simply contends that, based on the rulings in the Court's past orders, the undersigned "can not or will not be fair in deciding the issues of this racial discrimination complaint of murder by infection of the AID[S] virus . . . ." Motion at 2. He therefore seeks recusal. *Id*.

However, prior adverse judicial rulings alone do not support an allegation of bias under 28 U.S.C. § 455 or 144. *Maldonado*, 108 Fed. Appx. at 222 (citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994); *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999), *reh'g and reh'g en banc denied*, 189 F.3d 471 (5th Cir. 1999), *and cert. denied*, 528 U.S. 1116, 120 S. Ct. 934, 145 L. Ed. 2d 813 (2000)); *see also In re Corrugated Container Antitrust*

*Litigation*, 752 F.2d 137, 145 (5th Cir.), *reh'g denied,* 758 F.2d 651 (5th Cir.), *and cert. denied*, 473 U.S. 911, 105 S. Ct. 3536, 87 L. Ed. 2d 660 (1985). "In order for a judge to be disqualified for bias or prejudice, the bias must stem from an extrajudicial source and result in an opinion on some basis other than what the judge learned in the case." *Crawford v. United States Dept. of Homeland Sec.*, 245 Fed. Appx. 369, 383 (5th Cir. 2007) (*per curiam*) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992)), *cert. denied*, 553 U.S. 1054, 128 S. Ct. 2487, 171 L. Ed. 2d 768 (2008).

Plaintiff has shown no such extrajudicial source of bias in any proceeding in this Court. Therefore, the undersigned will deny his motion to recuse herself from this proceeding. It is accordingly

**ORDERED** that Plaintiff's Motion to Recuse the Magistrate Judge as Judge (docket entry #30) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **October, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE