IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD R. HOWARD, #1397355 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv250 |
| DAVID LANGSTON, ET AL | § | |

MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Donald R. Howard, proceeding *pro se* and *in forma pauperis*, a prisoner confined in the Texas prison system, filed this civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c). On August 22, 2012, the Court entered a Memorandum Opinion and Order of Dismissal with Final Judgment dismissing Plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff filed both a Motion for Reconsideration to this Court and a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. On review, this Court denied the Motion for Reconsideration. *See* docket entry #28. Plaintiff also filed a Motion for Leave to Appeal *In Forma Pauperis*, which this Court also denied. *See* docket entry #34. Ultimately the Fifth Circuit also denied Plaintiff's *in forma pauperis* motion and a motion for appointment of counsel, and also dismissed Plaintiff's appeal, imposing a bar pursuant to 28 U.S.C. § 1915(g) and issuing a sanction warning in *Howard v. Langston*, USCA Case No. 12-41035 (5th Cir. May 22, 2013). *See* USDC docket entry #38.

Plaintiff has now filed a Motion for Leave to File an Amended Complaint (docket entry #41),

accompanied by a letter Motion for Extension of Time to Refile Motions (docket entry #39) and a Motion for Extension of Time to Pay Cost of Court in Denial of I.F.P. (docket entry #40). He also submitted a draft Amended Complaint, currently docketed at docket entry #42.

In his primary motion for filing an amended complaint, Plaintiff asserts he has amended his complaint to eliminate references to the "KKK" and "Ku Klux Klan," which formed part of his claims in his original complaint. He therefore seeks leave to file his amended complaint. However, he made no attempt to file any amendment to his original complaint prior to the dismissal of his case. Instead, it appears that he now seeks to do so simply in order to keep his frivolous lawsuit alive after dismissal by this Court, and dismissal of his appeal and imposition of a litigation bar by the Fifth Circuit based on his frivolous filings. Instead, he argued the claims of his case as originally stated, including during the evidentiary hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). At bottom, he "fails to show he could not have amended his complaint before dismissal." *Parker v. Fisk*, 487 Fed. Appx. 148, 150 (5th Cir.), *cert. denied*, 133 S. Ct. 760, 184 L. Ed. 2d 502 (2012). A district court does not abuse its discretion by denying leave to file an amended complaint under such conditions, especially where the putative amended complaint is virtually indistinguishable from the original complaint. *Id*. In this case, Plaintiff's amended complaint essentially re-packages his original claims against the same Defendants but eliminates reference to the KKK. Nonetheless, it was not the references to the KKK alone that made the original complaint frivolous, but the entire sequence of alleged events that were demonstrably contradictory and conclusory. Therefore, even had the putative amended complaint been filed prior to dismissal, it would have been futile. *Id*. Accordingly, leave to file the amended complaint will be denied and the draft at docket entry #42 will be ordered stricken.

As to his remaining motions, in the Motion to Extend Time to Refile, Plaintiff states that he had "mistakenly mailed" his motions in June 2013 and seeks time to refile them. However, he has provided no explanation of where he filed them or why it was mistaken; in fact, the motions have been filed in this Court and are being dealt with in this Memorandum Opinion and Order. His motion is unclear and will be denied as moot. His remaining Motion for Extension of Time to Pay Cost of Court is also unclear, but he appears to seek time in which to pay the Fifth Circuit filing fee on appeal. He notes that his appeal was dismissed but states he "has since filed a timely Motion for Rehearing in the denial and opinion of the Fifth Circuit of Appeal. . . ." Motion at 2. A review of the Fifth Circuit's docket in Plaintiff's appeal reveals that the Fifth Circuit has denied his petition for rehearing and rehearing en banc, as of July 12, 2013. Accordingly, this motion will also be denied as moot. It is therefore

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (docket entry #41) is **DENIED**. The putative amended complaint docketed at docket entry #42 is hereby **ORDERED STRICKEN**. It is further

**ORDERED** that Plaintiff's Motions for Extension of Time to Refile Motions (docket entry #39) and for Extension of Time to Pay Cost of Court in Denial of I.F.P. (docket entry #40) are **DENIED** as **MOOT**. It is finally

**ORDERED** that any and all motions not already addressed are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **4**   day of **August, 2013.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE