IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD R. HOWARD, #1397355 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv250 |
| DAVID LANGSTON, ET AL | § | |

<u>MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION TO WITHDRAW CONSENT
TO MAGISTRATE JUDGE JURISDICTION</u>

Came on for consideration, Plaintiff's motion entitled, "Motion to Withdraw Consent to have a Magistrate Judge Conduct Proceedings." *See* docket entry #46, at 1. The motion was filed on September 4, 2013. The parties previously consented to the undersigned's jurisdiction over this case in all matters pursuant to 28 U.S.C. § 636(c). *See* docket entry #17.

I.  **BACKGROUND**

At the time consent to jurisdiction was entered, the presiding Magistrate Judge was the Honorable Judith K. Guthrie, who retired from the bench in August 2013. The undersigned Magistrate Judge assumed responsibility for this case, among others, concurrently with Judge Guthrie's retirement. The Court observes that Judge Guthrie previously dismissed Plaintiff's case and entered judgment against him on August 22, 2012. *See* docket entries #20, 21. Since that time, Plaintiff filed a Motion for Reconsideration (docket entry #25), which was denied (docket entry #28); a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit (docket entry #26) with

1

Case 6:12-cv-00250-KNM Document 50 Filed 09/30/13 Page 2 of 4 PageID #: 211

a Motion for Leave to Appeal *In Forma Pauperis* (docket entry #31), which was denied (docket entry #34) and the appeal ultimately dismissed by the Fifth Circuit with judgment entered in *Howard v. Langston*, USCA Case No. 12-41035 (5th Cir. May 22, 2013) (USDC docket entry #38), which also denied *in forma pauperis* status and appointment of counsel as well as issuing a sanction warning against Plaintiff barring him from further *in forma pauperis* proceedings except where in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g); a Motion for Recusal of Judge Guthrie (docket entry #30), which was denied (docket entry #33); and a Motion for Leave to File an Amended Complaint (docket entry #41) along with a purported Amended Complaint (docket entry #42), which was denied and the purported Amended Complaint stricken on August 5, 2013 (docket entry #43).

## II. DISCUSSION AND ANALYSIS

In his instant Motion to Withdraw Consent, Plaintiff states in pertinent part:

> Comes now, Donald R. Howard, plaintiff in the above styled and numbered cause, and presents this Motion to Withdraw Consent under title 28 U.S.C. 636. In support thereof, the plaintiff would show as follows:
>
> 1. The Magistrate Judge Judith K. Guthrie was appointed by consent of parties pursuant to 28 U.S.C. 636(c) in the above styled and numbered cause.
>
> 2. The Plaintiff has expressed to the Court his dissatisfaction with the Magistrate Judge in the filing of his Motion to Recuse.
>
> 3. The Plaintiff believes this conflict will interfere with future judgement of his pleadings in this cause and dismissals.
>
> Prayer
>
> The Plaintiff prays the Court will allow him to withdraw the consent under title 28 U.S.C. 636(c) in the above styled and numbered cause.

2

Motion at 1 (as in original).

There is no absolute right to withdraw consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) once it has been granted. *Diaz v. Superior Energy Services LLC*, 341 Fed. Appx. 26, 27 (5th Cir. 2009) (per curiam) (citing *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987)). A consent to proceed may be withdrawn upon motion by a party only for good cause. *Knighten v. John*, 115 Fed. Appx. 669, 670 (5th Cir. 2004) (per curiam) (citing *Carter*, 816 F.2d at 1021). In *Carter,* the Fifth Circuit listed several factors to be considered in determining good cause. Those factors were undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant was acting *pro se*, whether the consent was voluntary and uncoerced, whether the motion was made in good faith or was dilatory and contrived, and whether the interests of justice would best be served by holding a party to his consent. *Carter*, 816 F.2d at 1021 (internal citations omitted).

Here, Plaintiff is proceeding *pro se* but has made no showing that his consent to Magistrate Judge jurisdiction was other than voluntary and uncoerced. In fact, he freely signed a consent form on July 12, 2012. Docket entry #17. He claims that he is "dissatisf[ied]" with Judge Guthrie, as expressed in his earlier Motion to Recuse her. The Court notes that the analysis in the order denying that motion reflects that his dissatisfaction arises out of adverse prior rulings against him, which do not form a basis for recusal. *Maldonado v. Ashcroft*, 108 Fed. Appx. 221, 222 (5th Cir. 2004) (per curiam). Furthermore, as indicated above, Judge Guthrie has retired from the bench and no longer presides over Plaintiff's case. Therefore, there is no possibility of alleged prejudice against him by her presence. Allowing withdrawal of consent in this case would inconvenience the Court in

3

reassigning an Article III District Judge to the case, especially after the lengthy litigation (including the finding of frivolousness by the Fifth Circuit on appeal) Plaintiff has pursued. Moreover, his motion can best be seen as an attempt to prolong this frivolous litigation. At bottom, Plaintiff has "failed to demonstrate good cause for withdrawing his consent." *Brumley v. Livingston*, 459 Fed. Appx. 470, 471 (5th Cir. 2012) (per curiam) (citing *Carter*, 816 F.2d at 1021).

It is accordingly

**ORDERED** that Plaintiff's Motion to Withdraw Consent (docket entry #46) is hereby **DENIED**.

So ORDERED and SIGNED this 30th day of September, 2013.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE