IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD R. HOWARD, #1397355 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv250 |
| DAVID LANGSTON, ET AL | § | |

MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTIONS TO FILE SUPPLEMENTAL COMPLAINT
AND PROCEED *IN FORMA PAUPERIS*

Came on for consideration, Plaintiff's post-judgment motions entitled, "Motion for Leave to File Supplemental Complaint" and "Application to Proceed *In Forma Pauperis*." *See* docket entries #47, 49. In addition, he filed a purported "Supplemental Complaint." *See* docket entry #48.

**I.   BACKGROUND**

Plaintiff's original complaint was dismissed and final judgment entered, finding the lawsuit frivolous, by the then-presiding Magistrate Judge Judith K. Guthrie, who had full jurisdiction over the matter pursuant to the parties' consent under 28 U.S.C. § 636(c). *See* docket entries #20, 21. Since that time, Plaintiff filed a Motion for Reconsideration (docket entry #25), which was denied (docket entry #28); a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit (docket entry #26) with a Motion for Leave to Appeal *In Forma Pauperis* (docket entry #31), which was denied (docket entry #34) and the appeal ultimately dismissed by the Fifth Circuit with judgment entered in *Howard v. Langston*, USCA Case No. 12-41035 (5th Cir. May 22, 2013) (USDC docket

1

entry #38), which also denied *in forma pauperis* status and appointment of counsel as well as issuing a sanction warning against Plaintiff barring him from further *in forma pauperis* proceedings except where in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g); a Motion for Recusal of Judge Guthrie (docket entry #30), which was denied (docket entry #33); and a Motion for Leave to File an Amended Complaint (docket entry #41) along with a purported Amended Complaint (docket entry #42), which was denied and the purported Amended Complaint stricken on August 5, 2013 (docket entry #43). Judge Guthrie retired from the bench in August 2013 and the undersigned Magistrate Judge assumed responsibility over this matter, among others, at that time. Most recently, aside from the instant motions, Plaintiff also filed a Motion for Leave to Withdraw Consent under § 636(c), which the undersigned has denied in a separate Order.

## II.   DISCUSSION AND ANALYSIS

In his instant Motion for Leave to File Supplemental Complaint, Plaintiff contends that in addition to the allegations of his original complaint, and "[s]ince the filing of civil complaint no. #6:12-cv-250," Motion at 1, he has been subjected to retaliation by prison officials and that his life is in "imminent danger" and "at risk of suffering serious physical injury in the immediate future and will continue to be in imminent danger as long as Plaintiff is in the custody of T.D.C.J. I.D. and the Michael Unit." *Id*. He goes on to summarize that his original complaint was based on allegations of "racial and religious discrimination, and a conspiracy to kill him through medical malpractices, negligence, and deliberate indifferences to his serious medical needs and security needs." *Id*. (as in original). He therefore seeks leave to file what he terms a "supplemental complaint," probably inasmuch as his attempt to file an amended complaint, post-judgment, has already failed. *Id*. at 2

and docket entry #48 (purported "Supplemental Complaint").  However, the motion itself does not explain what alleged circumstances constitute "imminent danger of serious physical injury."

The Court has reviewed the purported Supplemental Complaint and notes that, similar to the original complaint and Plaintiff's attempt to amend it, it is still based on the operative allegations of conduct against him by Defendants Dr. Wright and Nurse Practitioner Schafer.  Little has changed in that regard, including his allegations that medical personnel, including these Defendants and dentist Dr. Langston and others, deliberately infected him with HIV and AIDS (for which he has tested negative); attempted to poison him; and exposed him to various chemicals and other substances.  Although his original complaint alleged widespread allegiance to the Ku Klux Klan among prison officials, he has now tempered his language to simply allege that they are "members of a hate organization."  Docket entry #48 at PageID #179.  To these claims, he now adds various allegations based on a lengthy series of grievances he filed between 2009 and 2012, before he filed his original complaint, many of which address the same medical claims against Drs. Langston and Wright and Nurse Practioner Schafer.  To these, he has listed additional Defendants not previously named, but all derived from these same alleged grievances.

The Court notes that Judge Guthrie addressed Plaintiff's attempts to amend his complaint in many of the same ways, reasoning:

> In his primary motion for filing an amended complaint, Plaintiff asserts he has amended his complaint to eliminate references to the "KKK" and "Ku Klux Klan," which formed part of his claims in his original complaint.  He therefore seeks leave to file his amended complaint.  However, he made no attempt to file any amendment to his original complaint prior to the dismissal of his case.  Instead, it appears that he now seeks to do so simply in order to keep his frivolous lawsuit alive after dismissal by this Court, and dismissal of his appeal and imposition of a litigation bar by the Fifth Circuit based on his frivolous filings.  Instead, he

3

> argued the claims of his case as originally stated, including during the evidentiary hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). At bottom, he "fails to show he could not have amended his complaint before dismissal." *Parker v. Fisk*, 487 Fed. Appx. 148, 150 (5th Cir.), *cert. denied*, 133 S. Ct. 760, 184 L. Ed. 2d 502 (2012). A district court does not abuse its discretion by denying leave to file an amended complaint under such conditions, especially where the putative amended complaint is virtually indistinguishable from the original complaint. *Id*. In this case, Plaintiff's amended complaint essentially re-packages his original claims against the same Defendants but eliminates reference to the KKK. Nonetheless, it was not the references to the KKK alone that made the original complaint frivolous, but the entire sequence of alleged events that were demonstrably contradictory and conclusory. Therefore, even had the putative amended complaint been filed prior to dismissal, it would have been futile. *Id*. Accordingly, leave to file the amended complaint will be denied and the draft at docket entry #42 will be ordered stricken.

Memorandum Opinion and Order on Plaintiff's Motion to Amend Complaint, docket entry #43, at 2. Whether termed an "amended complaint" or a "supplemental complaint," as Plaintiff does herein, the result here is the same. Although he has named some additional Defendants in his purported Supplemental Complaint, all of his allegations arise out of the same course of alleged conduct that the Court has already determined to be conclusory, contradictory and frivolous, instead of imposing an "imminent threat of physical harm." The Fifth Circuit has agreed with that assessment and has imposed a bar to Plaintiff litigating any further cases *in forma pauperis* absent an actual instance of imminent threat. That does not exist here. It is accordingly

**ORDERED** that Plaintiff's Motion for Leave to File Supplemental Complaint (docket entry #47) and Application to Proceed *In Forma Pauperis* (docket entry #49) are hereby **DENIED**. It is further

4

**ORDERED** that the purported Supplemental Complaint at docket entry #48 is hereby **STRICKEN**. It is finally

**ORDERED** that any and all motions not already addressed are hereby **DENIED**.

So ORDERED and SIGNED this 30th day of September, 2013.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE